Geraldine SIMCO, Administratrix of the Estate of Doris Smith, Deceased, and Patti Lynn Bradley and Dan David Bradley Plaintiffs

v.

Willie R. ELLIS, d/b/a Ellis Trucking and Andrew L. McCalpin Defendants

No. 99–CV–2194.

United States District Court, W.D. Arkansas, Ft. Smith Division.

June 1, 2000.

James M. Dunn, Warner, Smith & Harris, PLC, Ronald W. Metcalf, Fort Smith, AR, for Plaintiffs.

D. Keith Fortner, Barber, McCaskill, Jones & Hale, P.A., Little Rock, AR, for Defendants.

### *ORDER*

DAWSON, District Judge.

Now on this 1st day of June, 2000, there comes on for consideration the defendants' motion in limine. The Court, being well and sufficiently advised in the premises, and after reviewing the testimony presented at the hearing that took place on May 30, 2000, as well as all of the pleadings, affidavits and exhibits filed, finds and concludes as follows:

The defendants' motion concerning any evidence of Defendant McCalpin's traffic citation for careless driving should be and hereby is GRANTED.

The defendants' motion to exclude the introduction of any evidence concerning correspondence between defense counsel and its toxicology expert, Dr. Manno, should be and hereby is GRANTED.

During the hearing, the defendants made an oral motion in limine to exclude any testimony concerning any message or decals that may have appeared on a T-shirt worn by Defendant McCalpin on the date of the accident, and that motion is likewise GRANTED.

The attorneys for the plaintiffs made an oral motion in limine that the defendants be prohibited from introducing any testimony concerning the non-filing of any charges, criminal or traffic, and that motion is GRANTED.

The remaining portion of the defendants' motion in limine concerns any reference to evidence or proof of the use of cocaine or cocaine intoxication by Defendant McCalpin which they contend should be excluded at trial pursuant to Federal Rules of Evidence 403 due to its incompetence and low probative value when compared to its extreme prejudicial effect. Further, and although a specific *Daubert* motion was not filed, the defendants at the hearing placed at issue and objected to the procedures and methodology used by the plaintiffs' toxicology expert and the Arkansas State Crime Lab in determining that cocaine was in Defendant McCalpin's system at the time of the accident.

The Court does agree that voluntary intoxication may be a factor to be considered by the trier of fact in determining negligence. But, after listening to the

testimony of both Dr. Manno and Dr. Light, the Court concludes that the drug screen analysis performed by the State Crime Lab was incomplete, because there was not a sufficient amount of blood given to the lab to perform a second, confirmatory test. However, even if a confirmatory test had been performed, and the Court assumed that the tests accurately reflected the presence of cocaine in defendant McCalpin's blood stream, there is little or no evidence to support a conclusion that McCalpin was intoxicated or otherwise impaired at the time of the accident or that his alleged cocaine consumption evidenced a lack of reasonable care or caused the fatal wreck. In addition, the Court believes and finds that the mere mention of cocaine would inflame the jury and be extremely prejudicial to the defendants. Finally, the Court finds that the presentation of evidence on both sides of the cocaine issue would be misleading to members of the jury, causing them to place more importance on the issue of whether defendant McCalpin had used cocaine at all as opposed to the essential issues of negligence and proximate cause. Accordingly, based upon the low probative value of the cocaine evidence when compared with its extremely prejudicial and misleading effect, the defendants' motion to exclude the cocaine evidence should be and hereby is GRANTED.

IT IS SO ORDERED.